JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Rayshaun Robinson ("appellant") appeals from the sentence imposed by the Cuyahoga County Common Pleas Court on March 14, 2002, for a total of seven years imprisonment as a result of the guilty pleas he entered in five separate cases. For the reasons that follow, we remand for resentencing consistent with this opinion.
 {¶ 2} In case no. 403667, the appellant was arrested on September 16, 2000, and indicted on March 5, 2001 for possession of drugs,[1] to wit, crack cocaine, preparation of drugs for sale[2] and possessing criminal tools.[3] On May 1, 2001, he pleaded guilty to possession of drugs, a fourth degree felony and the state nolled the remaining two counts. Subsequently, the appellant failed to appear for sentencing and a capias was issued. However, prior to being sentenced in this case, the appellant was indicted in four additional cases. On March 14, 2002, the trial court imposed the median sentence of one year imprisonment to run concurrently with case nos. 407267, 411171 and 416963.
 {¶ 3} In case no. 407267, the appellant was indicted for possession of drugs[4], to wit, crack cocaine, preparation of drugs for sale[5] and possessing criminal tools.[6] On February 22, 2002, the appellant pleaded guilty to possession of drugs, a fifth degree felony, and the state nolled the remaining counts. On March 14, 2002, the appellant was given the minimum sentence of six months imprisonment to run consecutive to case nos. 408965, 411171 and 41693 but concurrent to case no. 403667.
 {¶ 4} In case no. 408965, on January 18, 2001, the appellant was arrested during a traffic stop after the police found a handgun in the glove compartment of his vehicle. On June 14, 2001, the appellant was indicted for carrying a concealed weapon,[7] to wit, a loaded 9mm handgun. On February 22, 2002, the appellant pleaded guilty to carrying a concealed weapon, a fourth degree felony, as charged in the indictment. On March 14, 2002, the court imposed a median sentence of one year imprisonment to run consecutively to case nos. 407267, 411171 and 416963 but concurrently with case no. 403667, for a total confinement of seven years.
 {¶ 5} In case no. 411171, on July 20, 2001, the appellant was indicted for possession of drugs,[8] to wit, crack cocaine, two counts of felonious assault[9] with peace officer specifications and failure to comply with the order or signal of a police officer.[10] The charges stem from the appellant's March 12, 2001, arrest for his failure to comply with the police officer's request that he stop his vehicle. On February 22, 2002, the appellant pleaded guilty to possession of drugs, a fifth degree felony, and failure to comply with the order or signal of a peace officer, a third degree felony. The state nolled the remaining counts. On March 14, 2002, the court sentenced the appellant to the minimum six months imprisonment for Count 1, minimum one year imprisonment for Count 4, to run consecutively with each other and consecutively to case nos. 407267, 411171 and 416963, but concurrent to case no. 403667.
 {¶ 6} In case no. 416963, the appellant was indicted on December 5, 2001, for felonious assault[11] with a peace officer specification, failure to comply with the order or signal of a police officer,[12] and endangering children.[13] This case stems from a traffic stop incident wherein the appellant caused injury to Cleveland police officer James Hoag, by dragging the officer over 400 feet with his vehicle. The appellant ignored the officer's orders to stop and instead sped up his vehicle. The appellant had a three-year-old passenger in his vehicle during this attempt to escape from the police officer. The officer was forced to shoot the appellant in the leg and only then managed to free himself from the vehicle. On February 22, 2002, the appellant pleaded guilty to felonious assault with a peace officer specification, a first degree felony, and endangering children, a fourth degree felony. The state nolled the remaining count. On March 14, 2002, the court sentenced the appellant to the nearly minimum four years imprisonment on Count 1, the median sentence of one year on Count 3, to run concurrent to each other and concurrent to case no. 403667, but consecutive to case nos. 407267, 408965 and 411171.
 {¶ 7} The appellant submits a single assignment of error for our review.
 {¶ 8} "The trial court erred when it ordered consecutive sentences without furnishing the necessary findings and reasons required by R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)."
 {¶ 9} In his assignment of error, the appellant argues that the trial court's reasons for imposing consecutive sentences were inadequate as a matter of law. The appellant claims that the trial court failed to make the finding that the proposed consecutive sentence was not disproportionate to the seriousness of the offender's conduct and was not disproportionate to the danger that appellant posed to the public.
 {¶ 10} The appellant claims that the trial court failed to comply with R.C. 2929.14(E)(4) which provides:
 {¶ 11} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 12} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 13} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 14} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (Emphasis added.)
 {¶ 15} In addition, R.C. 2929.19(B)(2)(c) requires that a trial court must give its reasons for imposing consecutive sentences under2929.14.
 {¶ 16} The appellant concedes that he committed multiple offenses while he was awaiting sentencing in case no. 403667, and that R.C.2929.14(E)(4)(a) is fulfilled.
 {¶ 17} The transcript demonstrates that the trial court did in fact comply with R.C. 2929.19(B)(2)(c). At the sentencing hearing, the trial court heard the testimony of the nineteen-year-old appellant, the appellant's father, defense counsel, the prosecutor and police officer James Hoag. The court stated:
 {¶ 18} "Mr. Robinson, you're a young man. I look at your presentence investigative report and it's terrible, quite honestly. Since 1997 you have been continuously involved in the criminal justice system. As a juvenile, you picked up cases; assault, drug possession, numerous cases, CCW. When you became nineteen, you continued on with this behavior, picking up drug cases. You also had another failure to comply case. You came in and pled on those cases and then you failed to appear for sentencing. A capias was issued. I'm sure that's probably what was in your mind when this officer went to make a traffic stop on you, that you were a fugitive from this courtroom. You have not, ever in the past, demonstrated any change in your behavior, accepted the responsibility for your actions.
 {¶ 19} "Quite honestly, right now, my focus is more on protecting the public from future crime. And to give you the minimum would demean the seriousness of the crime. * * *"
 {¶ 20} The trial court met its obligation to state on the record its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B). The trial court's reasons, beyond conclusory statements, for imposing consecutive sentences, included the appellant's long list of prior convictions, failure to conform his behavior to the law and his failure to accept responsibility for his actions. However, it failed to fully comply with the dictates of R.C. 2929.14(E)(4) in regard to its findings. While the court stated that its focus was more on protecting the public from future crime, in accordance with required findings set forth in the statute; it utterly failed to address the proportionality of the consecutive sentence as it related to the seriousness of the appellant's conduct and the danger the appellant posed to the public. SeeState v. Gary (Feb. 14, 2002), Cuyahoga App. No. 79224; State v.Rotarius (February 21, 2002), Cuyahoga App. No. 78766.
 {¶ 21} We stress that the trial court is not required to use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759, citing State v. Veras (July 8, 1999), Cuyahoga App. Nos. 74416 and 74466; State v. Gary, supra. We find that the trial court did not engage in the full analysis and findings as required to comply with R.C. 2929.14(E)(4). Accordingly, the appellant's sole assignment of error is well taken.
 {¶ 22} We affirm the convictions, but vacate the sentences imposed and remand for resentencing with instructions to state on the record the required findings and reasons for the sentences imposed consistent with this opinion.
This cause affirmed in part and vacated in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., CONCURS.
 FRANK D. CELEBREZZE, JR., J., DISSENTS.
[1] R.C. 2925.11.
[2] R.C. 2925.07.
[3] R.C. 2923.24.
[4] R.C. 2925.11.
[5] R.C. 2925.03.
[6] R.C. 2923.24.
[7] R.C. 2923.12.
[8] R.C. 2925.11.
[9] R.C. 2903.11.
[10] R.C. 2921.331.
[11] R.C. 2903.11.
[12] R.C. 2921.331.
[13] R.C. 2919.22.